IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 3:23-CR-00281-M |
| RIGOBERTO ARTURO ESQUIBEL (06) | |

**FACTUAL RESUME**

In support of Rigoberto Arturo Esquibel's plea of guilty to the offense(s) in Count Two of the superseding indictment, Esquibel, the defendant; Vickers Cunningham, the defendant's attorney; and the United States of America (the government) stipulate and agree to the following:

**ELEMENTS OF THE OFFENSE**

To prove the offense alleged in Count Two of the superseding indictment, charging a violation of 21 U.S.C. § 846, that is, conspiracy to possess with the intent to distribute a controlled substance, the government must prove each of the following elements beyond a reasonable doubt:[1]

> *First.*   That two or more persons, directly or indirectly, reached an agreement to possess with intent to distribute and to distribute a controlled substance;
>
> *Second.*   That the defendant knew of the unlawful purpose of the agreement;
>
> *Third.*   That the defendant joined in the agreement willfully, that is, with the intent to further its unlawful purpose;
>
> *Fourth:*   That the overall scope of the conspiracy involved a quantity of 50

---

[1] Fifth Circuit Pattern Jury Instruction 2.97 (5th Cir. 2019).

|  |  |
|---|---|
|  | kilograms or more of a mixture or substance containing a detectable amount of marijuana; and |
| *Fifth* | That the defendant knew or reasonably should have known that the scope of the conspiracy involved 50 kilograms or more of a mixture or substance containing a detectable amount of marijuana. |

The elements of possession with the intent to distribute a controlled substance, a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), are as follows:[2]

|  |  |
|---|---|
| *First.* | That the defendant knowingly or intentionally possessed a controlled substance as charged in the superseding indictment; |
| *Second.* | That the substance was in fact marijuana; |
| *Third.* | That the defendant possessed the substance with the intent to distribute it; and |
| *Fourth.* | That the substance was 50 kilograms or more of a mixture or substance containing a detectable amount of marijuana. |

## STIPULATED FACTS

1.  Rigoberto Arturo Esquibel ("Esquibel") admits and agrees that beginning in or about June 2021, the exact date being unknown, and continuing through the date of the superseding indictment within the Northern District of Texas, Dallas Division, and elsewhere, he did knowingly, intentionally and unlawfully combine, conspire, confederate, and agree with Dian Huang Jiang, a.k.a. "Danny Jiang" ("Jiang") and other persons both known and unknown, to commit certain offenses against the United States, to-wit: to possess with the intent to distribute 50 kilograms or more of a mixture or

---

[2] Fifth Circuit Pattern Jury Instruction 2.95A (5th Cir. 2019).

Factual Resume—Page 2

| Esquibel: | Yeah, how much are they though? Like the price range. |
|---|---|
| Jiang: | $8.00, $8.50, $9.00, $10.00 |
| Esquibel: | [U/I] and what else? |
| Jiang: | We got whole bunch, we got whole bunch different kind. You can come check it out, Okay? |
| Esquibel: | Alright. |
| Jiang: | Alright |

Based on the above wire intercept, Esquibel admits that he discussed the price of each unit of marijuana with Jiang to obtain an estimate of how many units he would be able to purchase with the money Esquibel was transporting to Jiang. In response to Esquibel's inquiry concerning unit pricing, Jiang responded with a range of $8.00 [$8.00] to $10.00 per unit. Jiang also disclosed to Esquibel that Jiang had a variety of marijuana for sale at that point to which Esquibel confirmed that he would check it out.

5.　Esquibel admits that on or about April 4, 2023, Agents intercepted the following wire communication between him and Jiang:

| Jiang: | Hey, Rigo. How are you? |
|---|---|
| Esquibel: | What up baby, I'm done already. |
| Jiang: | Yeah, what day? |
| Esquibel: | Today. |
| Jiang: | Today? |
| Esquibel: | Yes. Papa I finished whole 40 piece in a week. |
| Jiang: | Okay, okay, brother. |
| Esquibel: | Alright, I got you. |
| Jiang: | Okay, I see you. Drive safe. |
| Esquibel: | Alright. |

Based on the above wire intercept, Jiang inquired as to how Esquibel was doing regarding his current supply of marijuana. Esquibel disclosed that he had exhausted his

Factual Resume—Page 4

supply and was travelling to Jiang to acquire more marijuana on that day. Esquibel further disclosed that he sold 40 pieces in a week to which Jiang reassured him that Jiang would see him on that day and to drive safely.

Esquibel admits that on the same day, he was driving a black BMW travelling northbound on Interstate 35 in Denton County at a high rate of speed with an expired registration and was stopped by a Deputy with the Denton County Sheriff's Office for speeding. Esquibel admits that he provided consent to search the vehicle and admitted that he was travelling to Oklahoma. He admits that the deputy located two large stacks of twenty dollar bills all rubber-banded together in the rear driver's seat area. Deputies spoke to Esquibel who acknowledged that the contents of the vehicle were his ~~(including a bag containing marijuana~~) [RE] and that the amount of money was approximately $10,000. Esquibel also admitted to being involved in drug transactions in Dallas involving marijuana.

6.  Esquibel admits that he conspired with Jiang and others, both known and unknown, to possess marijuana with the intent to distribute it. He admits that the $10,000 seized by law enforcement on April 4, 2023, were illegal drug proceeds to be used to purchase bulk marijuana from the Jiang DTO. Esquibel further admits that he acquired marijuana from the Jiang DTO during March 2023 and transported that marijuana within the Dallas Division of the Northern District of Texas.

7.  The defendant agrees that the defendant committed all the essential elements of the offense(s). This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The

limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count Two of the superseding indictment.

AGREED TO AND STIPULATED on this 14th day of NOVEMBER, 2024.

LEIGHA SIMONTON
UNITED STATES ATTORNEY

_____
RIGOBERTO ARTURO ESQUIBEL
Defendant

_____
JOSEPH T. LO GALBO
Assistant United States Attorney
New Jersey State Bar No.: 072452014
1100 Commerce St., Third Floor
Dallas, Texas 75242
Telephone: 214.659.8600
Facsimile: 214.659.8803
E-mail: Joseph.Lo.Galbo@usdoj.gov

_____
VICKERS CUNNINGHAM
Attorney for Defendant

Factual Resume—Page 6