IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 3:23-CR-00281-L |
| SHUNE DEON ARNOLD (14)<br>a.k.a. "TEGGO" | |

### FACTUAL RESUME

In support of Shune Deon Arnold's plea of guilty to the offense(s) in Count Two of the superseding indictment, Arnold, the defendant; Michael Todd, the defendant's attorney; and the United States of America (the government) stipulate and agree to the following:

### ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count Two of the superseding indictment, charging a violation of 21 U.S.C. § 846, that is, conspiracy to possess with the intent to distribute a controlled substance, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First.*  That two or more persons, directly or indirectly, reached an agreement to possess with intent to distribute and to distribute a controlled substance;

*Second.*  That the defendant knew of the unlawful purpose of the agreement;

*Third.*  That the defendant joined in the agreement willfully, that is, with the

---

[1] Fifth Circuit Pattern Jury Instruction 2.97 (5th Cir. 2024).

Factual Resume—Page 1

        intent to further its unlawful purpose;

*Fourth:*    That the overall scope of the conspiracy involved a quantity of 50 kilograms or more of a mixture or substance containing a detectable amount of marijuana; and

*Fifth*    That the defendant knew or reasonably should have known that the scope of the conspiracy involved 50 kilograms or more of a mixture or substance containing a detectable amount of marijuana.

The elements of possession with the intent to distribute a controlled substance, a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), are as follows:[2]

*First.*    That the defendant knowingly or intentionally possessed a controlled substance as charged in the superseding indictment;

*Second.*    That the substance was in fact marijuana;

*Third.*    That the defendant possessed the substance with the intent to distribute it; and

*Fourth.*    That the substance was 50 kilograms or more of a mixture or substance containing a detectable amount of marijuana.

## STIPULATED FACTS

1.    Shune Deon Arnold ("Arnold") admits and agrees that beginning in or about June 2021, the exact date being unknown, and continuing through the date of the superseding indictment within the Northern District of Texas, Dallas Division, and elsewhere, he did knowingly, intentionally and unlawfully combine, conspire, confederate, and agree with Dian Huang Jiang, a.k.a. "Danny Jiang" ("Jiang") and other

---

[2] Fifth Circuit Pattern Jury Instruction 2.95A (5th Cir. 2024).

persons both known and unknown, to commit certain offenses against the United States, to-wit: to possess with the intent to distribute 50 kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

2.  Arnold admits that on or about March 1, 2022, he was driving a black 2021 Dodge Durango Hellcat that was connected to an on-going evading investigation. He admits that officers recovered five 30-gallon trash bags in the Hellcat's trunk that contained suspected bulk marijuana after the vehicle became disabled near North Westmoreland Road, Dallas, Texas. He stipulates that the suspected marijuana field-tested positive for the presence of tetrahydrocannabinol ("THC"). He admits that the drug weight without packaging was approximately 94.7 pounds of presumptive marijuana.

3.  Arnold admits that he would post pictures of bulk amounts of marijuana ranging from 100-300 pounds along with vehicles filled with black 55-gallon trash bags which match the packaged marijuana seized from the Hellcat on or about March 1, 2022. He also stipulates that the marijuana recovered from the Hellcat was connected to the drug trafficking activities of the larger Jiang organization.

4.  In September 2022, Special Agents with the Drug Enforcement Administration ("DEA") received information that Arnold was utilizing a white BMW sports utility vehicle ("SUV") to facilitate marijuana shipments from Oklahoma to Texas, including the Dallas-Fort Worth Metroplex. Arnold stipulates that on or about October 11, 2022, he left a Courtyard Marriot hotel located in the Colony, Texas, with another

individual and travelled to a residence located on Pinebrook Drive, the Colony, Texas. Arnold stipulates that the Pinebrook Drive residence was associated with co-defendant Dian Jiang, who controlled a drug trafficking organization moving marijuana from Oklahoma to Texas.

5. Arnold stipulates that that same evening he was trafficked stopped by troopers with the Texas Department of Public Safety after receiving a request from DEA Special Agents to do so. Arnold admits that prior to the traffic stop he took exit 483, which is located in the Eastern District of Texas, drove down the west ditch, and crashed the SUV into a drainage culvert. Arnold admits that troopers approached the vehicle and ultimately began to conduct an inventory of the vehicle. Arnold admits that during that inventory search, troopers recovered a pink bag which contained a large quantity of United States currency. He stipulates that the bulk United States currency was later transferred to DEA Special Agents who determined the amount to be approximately $240,000. Arnold admits that the amount of bulk currency seized was drug proceeds being used to facilitate the trafficking of marijuana for the Jiang drug trafficking organization. Arnold also stipulates that troopers recovered user quantity amounts of marijuana from the vehicle.

6. Arnold admits that on or about October 12, 2022, DEA Special Agents executed a search warrant on the hotel room linked to Arnold. He stipulates that Agents recovered $57,100 in United States currency along with a money counter and identification of the individual who was with Arnold. Arnold admits that the $57,100 were drug proceeds linked to the drug trafficking activities of the Jian organization.

7. Arnold stipulates that marijuana is a Schedule I controlled substance and that he possessed with the intent to distribute 50 kilograms or more of marijuana during the period of the conspiracy.

8. The defendant agrees that the defendant committed all the essential elements of the offense(s). This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count Two of the superseding indictment.

AGREED TO AND STIPULATED on this 12th day of SEPTEMBER, 2025.

NANCY E. LARSON
ACTING UNITED STATES ATTORNEY

_____
SHUNE DEON ARNOLD
Defendant

_____
JOSEPH T. LO GALBO
Assistant United States Attorney
New Jersey State Bar No.: 072452014
1100 Commerce St., Third Floor
Dallas, Texas 75242
Telephone: 214.659.8600
Facsimile: 214.659.8803
E-mail: Joseph.Lo.Galbo@usdoj.gov

_____
MICHAEL TODD
Attorney for Defendant