IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 3:23-CR-00281-L |
| ERIC MARTINEZ (05) | |

### FACTUAL RESUME

In support of Eric Martinez's plea of guilty to the offense in Counts One and Two of the superseding information, Martinez, the defendant; Camille Knight, the defendant's attorney; and the United States of America (the government) stipulate and agree to the following:

### ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the superseding information, charging a violation of 21 U.S.C. § 846, that is, conspiracy to possess with the intent to distribute a controlled substance, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First.* That two or more persons, directly or indirectly, reached an agreement to possess with intent to distribute and to distribute a controlled substance;

*Second.* That the defendant knew of the unlawful purpose of the agreement;

*Third.* That the defendant joined in the agreement willfully, that is, with the intent to further its unlawful purpose;

*Fourth:* That the overall scope of the conspiracy involved a quantity of 50

---

[1] Fifth Circuit Pattern Jury Instruction 2.97 (5th Cir. 2024).

Factual Resume—Page 1

      kilograms or more of a mixture or substance containing a detectable amount of marijuana; and

*Fifth*  That the defendant knew or reasonably should have known that the scope of the conspiracy involved 50 kilograms or more of a mixture or substance containing a detectable amount of marijuana.

The elements of possession with the intent to distribute a controlled substance, a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), are as follows:[2]

*First.*  That the defendant knowingly or intentionally possessed a controlled substance as charged in the superseding indictment;

*Second.*  That the substance was in fact marijuana;

*Third.*  That the defendant possessed the substance with the intent to distribute it; and

*Fourth.*  That the substance was 50 kilograms or more of a mixture or substance containing a detectable amount of marijuana.

To prove the offense alleged in Count Two of the superseding information, charging a violation of 18 U.S.C. § 924(c)(1)(a)(iii), that is discharging a firearm during and in relation to a drug trafficking crime and in furtherance of the drug trafficking crime, the government must prove each of the following elements beyond a reasonable doubt:[3]

*First*:  That the defendant committed the crime alleged in Count Two, that is, conspiracy to possess with the intent to distribute a controlled substance; and

*Second*:  That the defendant knowingly discharged a firearm during and in relation to, and in furtherance of, the defendant's commission of the crime charged in Count Two.

---

[2] Fifth Circuit Pattern Jury Instruction 2.95A (5th Cir. 2024).
[3] Fifth Circuit Pattern Jury Instruction 2.44A and 2.44B (2024).

Factual Resume—Page 2

## STIPULATED FACTS

1. Eric Martinez ("Martinez") admits and agrees that beginning in or about June 2021, the exact date being unknown, and continuing through on or about August 22, 2023, within the Northern District of Texas, Dallas Division, and elsewhere, he did knowingly, intentionally and unlawfully combine, conspire, confederate, and agree with other persons both known and unknown, to commit certain offenses against the United States, to-wit: to possess with the intent to distribute 50 kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(C).

2. Martinez further admits and agrees that on or about March 15, 2023, in the Northern District of Texas, he did knowingly carry and use a firearm, that is, a Wilde Arms, Model-AR, .223 caliber pistol bearing serial number WA15-000514, and that firearm discharged during and in relation to a drug trafficking crime, for which the defendant may be prosecuted in a court of the United States, that is, conspiracy to possess with the intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 846, and 841(b)(1)(C), as alleged in Count One of this Superseding Information, in furtherance of that drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(iii).

3. Martinez admits that over the course of his involvement in the conspiracy he was supplied bulk marijuana from Dian Huang Jiang a.k.a. Danny Jiang ("Jiang") and transported that bulk marijuana from Oklahoma to the Dallas Division of the Northern District of Texas. Martinez stipulates that the bulk marijuana that he acquired from Jiang

was then sold and distributed among Martinez's customers in Dallas, Texas and elsewhere.

4. Martinez admits that in March 2023 he lived in a residence on McComb Lane, Cedar Hill, Texas, which is located within the Dallas Division of the Northern District of Texas. He stipulates that on March 10, 2023, he was present at that location around 3:00 p.m. Martinez admits that a silver Jaguar operated by another individual arrived at the McCombs Lane residence. He stipulates that that individual exited the Jaguar and entered the McComb Lane residence empty-handed. Martinez admits that approximately 20 minutes later that individual exited the residence carrying a white 13-gallon trash bag with what appeared to be a rectangular shape toward the bottom. He stipulates that Agents followed the individual after he left the residence in the Jaguar. Martinez admits that Agents coordinated with Tarrant County authorities to perform a traffic stop on that vehicle, which occurred on Bryant Irvin Road in Fort Worth, Texas. While doing so, authorities smelled an odor of marijuana coming from the vehicle and conducted a probable cause search. The probable cause search of that vehicle resulted in the recovery of four pounds of suspected marijuana contained in a white plastic trash bag that the individual was seen carrying out of the McCombs residence. Martinez admits that he supplied that individual with the marijuana recovered in the vehicle during the traffic stop.

5. Martinez admits that investigators subsequently obtained a Texas state search warrant for the McCombs residence based upon the recovery of marijuana from the traffic stop on March 13, 2023. He stipulates that investigators executed the search

warrant on March 15, 2023. Martinez admits that members of the Mesquite Police Department's Tactical Unit were assigned to gain entry and sweep the McComb Lane residence. He admits that members of this unit deployed an armored Bearcat vehicle and utilized the Bearcat, with lights and sirens activated, to remove burglar bars on the front door and windows. Martinez stipulates that he fired rounds from a Wilde Arms, Model-AR, .223 caliber pistol bearing serial number WA15-000514 at law enforcement during this process. He admits that his discharge of the firearm caused law enforcement to retreat and utilize a public announcement system to direct Martinez to come out of the residence. He admits that he and a female resident complied with law enforcement's commands.

6. Martinez stipulates that he and the female were placed under arrest for outstanding felony warrants and transported to the Mesquite Police Department. Martinez admits that investigators sought to interview him and read him his *Miranda* rights before doing so. Martinez stipulates that he understood those rights, agreed to waive his rights, and speak to investigators. He admits that he told investigators that he fired multiple rounds from a Wilde Arms, Model-AR, .223 caliber pistol bearing serial number WA15-000514 recovered closest to the primary bedroom door.

7. Martinez stipulates that investigators also searched the McComb residence. He admits that during the search law enforcement recovered:

- approximately 63 pounds of marijuana;
- $88,968.00 in United States currency located in the kitchen stove;

- a Glock, Model 43x, pistol bearing serial number BWLK348 along with three magazines associated with this firearm in the living room couch;

- a Glock, Model 20, pistol bearing serial number BLEG626 along with one magazine in the living room couch;

- a Wilde Arms, Model-AR, .223 caliber pistol bearing serial number WA15-000514; and

- a Ruger, Model-AR, pistol bearing serial number 85942050

Martinez stipulates that the 63 pounds of marijuana and the $88,968.00 recovered in the kitchen stove were controlled substances and drug proceeds associated with the Jiang DTO.

8. Martinez stipulates that marijuana is a Schedule I controlled substance and that he possessed with the intent to distribute 50 kilograms or more of marijuana during the period of the conspiracy.

9. He admits that he knowingly discharged the Wilde Arms, Model-AR, .223 caliber pistol bearing serial number WA15-000514 in furtherance of the conspiracy to possess with intent to distribute marijuana.

10. The defendant agrees that the defendant committed all the essential elements of the offense(s). This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Counts One and Two of the superseding information.

AGREED TO AND STIPULATED on this 25th day of September, 2025.

*NANCY E. LARSON* (for)
~~CHAD E. MEACHAM~~
ACTING UNITED STATES ATTORNEY

_____
ERIC MARTINEZ
Defendant

_____
JOSEPH T. LO GALBO
Assistant United States Attorney
New Jersey State Bar No.: 072452014
1100 Commerce St., Third Floor
Dallas, Texas 75242
Telephone: 214.659.8600
Facsimile: 214.659.8803
E-mail: Joseph.Lo.Galbo@usdoj.gov

_____
CAMILLE KNIGHT
Attorney for Defendant