IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal No. 3:23-CR-281-L |
| | § | |
| CHRISTOPHER MICHAEL BARRENTI | § | |

ELEMENTS AND PUNISHMENT OF THE OFFENSE AND FACTUAL RESUME

In support of the Defendant's plea of guilty to the single Count against him in the Superseding Indictment charging a violation of 21 U.S.C. § 846, 841(a)(1) and (b)(1)(C), Christopher Michael Barrenti ("Barrenti") and his attorney, Paul Lund, stipulate and agree to the following:

ELEMENTS OF THE OFFENSE:

The essential elements which must be proved beyond a reasonable doubt in order to establish the offense charged in Count One of the Indictment are as follows:

First: That two or more persons, directly or indirectly, reached an agreement to distribute or possess with intent to distribute a controlled substance, as charged in the indictment;

Second: That the defendant knew of the unlawful purpose of the agreement;

Third: That the defendant joined in the agreement willfully, that is, with the intent to further its unlawful purpose;

Fourth: That the overall scope of the conspiracy involved a quantity of 50 kilograms or more or a mixture or substance containing a detectable amount of marijuana, and that the defendant knew or reasonably should have known that the scope of the conspiracy involved 50 kilograms or more or a mixture or substance containing a detectible amount of marijuana.

## PUNISHMENT FOR THE OFFENSE

The maximum penalties a sentencing court can impose for the offense of conviction include the following:

1. Imprisonment for a period not to exceed twenty years;

2. A fine not exceed $1,000,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

3. A term of supervised release of at least three years and up to life, which is mandatory under the law and will follow any term of imprisonment. If the defendant violates the conditions of supervised release, the defendant could be imprisoned for the entire term of supervised release;

4. A mandatory special assessment of $100.00;

5. Restitution to the victims or to the community, which may be mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

6. Costs of incarceration and supervision; and

7. Forfeiture of property

## SENTENCING IN THIS CASE

Barrenti has discussed the Guidelines with the undersigned attorney and understands that the sentence in this case will be imposed by the district court after it has considered the applicable statute, the Guidelines, and the factors included in 18 U.S.C. § 3553(a). However, neither the Guidelines nor § 3553(a) are binding and the district court, in its discretion, may sentence Barrenti to the statutory maximum penalties, if that "sentence [is] sufficient, but not greater than necessary, to comply with the purposes set forth in… [3553](a)(2)[.]" Barrenti understands that if the district court imposes a sentence greater than Barrenti expects, Barrenti will not be able to withdraw the plea of "guilty" based solely upon that higher sentence so long as the sentence is within the statutory maximum punishment. Congress has abolished parole so if the district court sentences

Barrenti to a term of imprisonment, Barrenti understands that Barrenti will not be released on parole.

Barrenti further understands that the charged offense is a felony and that a conviction for the charged offense will deprive Barrenti of important constitutional and civil rights, which include, inter alia, the right to vote, the right to hold public office, the right to sit on a jury, and the right to actually or constructively possess a firearm.[1]

## CONSTITUTIONAL RIGHTS AND WAIVER OF THOSE RIGHTS

Barrenti understands that Barrenti has the following constitutional rights:

1. The right to plead not guilty to the charged offense;

2. The right to have a speedy trial by a jury in this District;

3. The right to have his guilty proven beyond a reasonable doubt;

4. The right to confront and cross-examine witnesses and to call and subpoena witnesses and material in his own defense; and

5. The right against compelled self-incrimination.

Barrenti waives the afore mentioned rights and plead guilty to the offense alleged in Count Two of the Indictment charging a violation of 21 U.S.C. § 846, 841(a)(1) and (b)(1)(C), that is, Conspiracy to Distribute a Controlled Substance. Barrenti understands the nature and the elements of the offense for which Barrenti is pleading guilty and agrees that the following stipulated facts are true and will be submitted as evidence.

## STIPULATED FACTS[2]

---

[1] Barrenti is a citizen of the United States of America and this conviction will not impact his citizenship status.
[2] Barrenti understands that the district court is not limited to considering only these stipulated facts, but may consider facts to which Barrenti did not stipulate.

**Elements and Punishments of the Offense and Factual Resume – Page 3**

Since on or about June 2021, other unindicted co-conspirators in this case have been engaged in a criminal conspiracy to distribute marijuana. In August 2022, Christopher Michael Barrenti participated in the conspiracy by facilitating and assisting others in the distribution of marijuana. The Defendant's actions facilitating and assisting the distribution of marijuana took place in the Dallas division of the Northern District of Texas and Barrenti should have known that the overall scope of the conspiracy involved at least 50 kilograms of marijuana. In this manner, Barrenti conspired with others to distribute a mixture of substance containing a detectable amount of marijuana.

## VOLUNTARINESS OF THE PLEA OF GUILTY

Barrenti has thoroughly reviewed Barrenti's constitutional rights, the facts in this case, the elements of the offense of conviction, the statutory penalties, and the Sentencing Guidelines[3] and 18 U.S.C. § 3553(a) with Barrenti's attorney. Barrenti has received satisfactory explanations regarding every aspect of this document and the alternatives to signing this document, and Barrenti is satisfied with the legal representation received in this case. Barrenti concedes guilt to Count Two of the Superseding Indictment, and concludes that it is in his own best interests to plead guilty.

AGREED TO AND SIGNED on this ___15th___ day of ___October___ 2025.

_____          _____
CHRISTOPHER MICHAEL BARRENTI              PAUL T. LUND
Defendant                                  Attorney for Defendant

---

[3] Though undersigned counsel and Barrenti have discussed how the applicable chapters of the Sentencing Guidelines may apply to Barrneti, and undersigned counsel and Barrneti have discussed the potential guideline range in this case, Barrenti understands that the conversations were about potential punishments and not a guarantee of what the punishment will be. Barrenti understands that only the district judge in this case will make the decision as to what the punishment will be in this case, and that the decision will only be made at the sentencing hearing after the district judge has heard all of the evidence and arguments in this case.

**Elements and Punishments of the Offense and Factual Resume – Page 4**