FILED-USDC-NDTX-DA
'25 DEC 9 PM2:49
km

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. 3:23-CR-281-L |
| v. | |
| DIAN HUANG JIANG (1) <br> a.k.a. "Danny Jiang" | |

## FACTUAL RESUME

In support of Dian Huang Jiang's plea of guilty to the offense in Count One of the superseding information, Jiang, the defendant; James Ralph Aulbaugh, III, the defendant's attorney; and the United States of America (the government) stipulate and agree to the following:

## Elements of the Offense

To prove the offense alleged in Count One of the superseding information charging a violation of 18 U.S.C. § 1952(a)(1) and (3) and 18 U.S.C. § 371, that is, conspiracy to use interstate facility in aid of racketerring enterprises, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First*: That the defendant traveled in interstate commerce or used any facility in interstate commerce;

*Second*: That the defendant did so with the specific intent to distribute the proceeds of and promote, manage, establish, or carry on any unlawful activity; and

*Third*: That subsequent to the act of travel or use of any facility in interstate commerce the defendant did knowingly and willfully distribute the proceeds of and promote, manage, establish, or carry on such unlawful

---

[1] Fifth Circuit Pattern Jury Instruction 2.74 and 2.15A (5th Cir. 2024).

Factual Resume—Page 1

activity.

The elements for conspiracy pursuant to 18 U.S.C. § 371 are as follows:

First: That the defendant and at least one other person agreed to commit the crime of use interstate facility in aid of racketerring enterprises, as charged in the indictment;

Second: That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

Third: That at least one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the indictment, in order to accomplish some object or purpose of the conspiracy.

## Stipulated Facts

1.     Dian Huang Jiang a.k.a. Danny Jiang (D. Jiang), admits and agrees that beginning in or about January 2020, and continuing until August 8, 2023, in the Dallas Division of the Northern District of Texas and elsewhere, he did knowingly and intentionally combine, conspire, confederate, and agree together, with each other and with other persons, to commit certain offenses against the United States, to-wit:  to travel in interstate commerce and use and cause to be used a facility in interstate commerce, that is verbal and digital communications through cellular telephones with the intent to distribute proceeds of and to promote, manage, establish, carry on and facilitate the promotion, management and carrying on of a business enterprise involving the possession with the intent to distribute and the distribution of marijuana, a Schedule I controlled substance, in violation of 18 U.S.C. § 1952(a)(1) and (3), and 18 U.S.C. § 371.



2.      D. Jiang admits that beginning in or about October 2020 and continuing

until August 8, 2023, he illicitly acquired multi-ton quantities of marijuana from licensed

and unlicensed growers operating in Oklahoma and distributed the marijuana to

numerous customers in exchange for United States currency.  As part of the distribution,

Jiang distributed multi-kilogram quantities of various strains of marijuana with names

including, "Animal Cookies," "Gelato47," "Obama," "Oreos," "Mochi," "Gorilla Glue,"

"Porsche Runs," and "Jet Fuel."  It was further part of the conspiracy that D. Jiang, and

others known to him utilized multiple residences within the Western District of

Oklahoma to distribute bulk quantities of marijuana to customers that traveled to

Oklahoma from Texas, Illinois, Alabama, Arkansas, Florida, Georgia, New York, and

other states.

3.      D. Jiang admits and acknowledges that he distributed up to 1,000 pounds of

marijuana a day and often required his customers to purchase between 20 to 300 pounds

of marijuana per transaction.  He further stipulates that the overall scope of the

conspiracy he was a part of exceeded 40,000 kilograms of marijuana.

4.      D. Jiang admits that he routinely used cellular telephones to discuss,

negotiate, and facilitate the distribution of marijuana to his customers and the collection

of drug proceeds.  Specifically, he utilized a cellular telephone to instruct customers in

the Northern District of Texas, and elsewhere, to deliver money to two restaurants in

Texas that he had an ownership interest in.  The United States currency delivered to the

restaurants by marijuana customers represented payments toward the purchase of multi-

kilogram quantities of marijuana. The drug proceeds were collected at the restaurants by coconspirators and transported to residential properties owned by D. Jiang.

5.      After leaving the U.S. currency at one of the restaurants in Texas, the customers routinely traveled north in vehicles on Interstate 35 to the Western District of Oklahoma to one of the residences D. Jiang used to store and distribute his marijuana. The customer's vehicle was driven into the garage area where coconspirators loaded the marijuana. After the marijuana was placed into the vehicle, the marijuana was transported to the Northern District of Texas, and elsewhere and sold to numerous customers.

6.      D. Jiang stipulates that on multiple occasions during the conspiracy, the drug proceeds collected in Oklahoma were transported back to Texas by coconspirators working with D. Jiang and kept in one of four residential properties used by D. Jiang in The Colony, Texas.

7.      D. Jiang admits and acknowledges that on or about March 7, 2023, he used a cellular telephone to communicate with a caller known to him. During the call, D. Jiang discussed transporting drug proceeds from Oklahoma to Dallas, Texas. During the call, D. Jiang advised that coconspirators working for him had already transported "15 units" ($150,000) and "20 units" ($200,000).

8.      D. Jiang admits that a portion of the proceeds he collected went to pay coconspirators that worked for him and the growers that supplied the marijuana. D. Jiang stipulates that a significant portion of the drug proceeds collected by D. Jiang from the sale of marijuana was sent to China.

**Factual Resume—Page 4**

9.      D. Jiang admits that he also used his cellular telephone to communicate with his marijuana customers. For example, on or about April 2, 2023, D. Jiang used a cellular telephone to inform a customer that he got the marijuana "cheaper for you….925 (per pound)…take it." The customer asked D. Jiang where he should deliver the money. D. Jiang responded, "in the buffet" referring to his restaurant in the Northern District of Texas.

10.     D. Jiang admits that on or about August 8, 2023, he utilized a safe deposit box at a bank in The Colony, Texas to store approximately $1,048,000 in drug proceeds he made from the distribution of marijuana in the Northern District of Texas, and elsewhere.

11.     D. Jiang stipulates that the following real and personal property represents property that was derived from proceeds acquired as a result of his participation in the offense and is subject to forfeiture by the government:

    a.  The real property located at 5842 Pinebrook Drive, The Colony, Denton County, Texas, more specifically described as Lot 12, Block C, The Cascades at the Legends Phase 1-B, an addition to the City of the Colony, Denton County, Texas, according to the Plat recorded in Cabinet X, Pages 397, of the Plat records of Denton County, Texas;

    b.  The real property located at 5837 Pinebrook Drive, The Colony, Denton County, Texas, more specifically described as Lot 1, in Block B, of The Cascades at the Legends, Phase 1-B, an Addition to the City of the

**Factual Resume—Page 5**

Colony, Denton County, Texas, according to the Plat thereof recorded in Cabinet X, Slide 397, of the Plat Records of Denton County, Texas;

c.   The real property located at 5801 Pinebrook Drive, The Colony, Denton County, Texas, more specifically described as Lot Twenty-One (21), in Block A, of the Cascades at the Legends, Phase 1-B, an Addition to the City of the Colony, Denton County, Texas, according to the Map or Plat thereof recorded in Cabinet X, Page 397 of the Plat Records of Denton County, Texas;

d.   The real property located at 4025 Steepleridge Drive, The Colony, Denton County, Texas, more specifically described as Lot Two (2), in Block P, Ridgepointe Phase Five (5), an Addition to the City of The Colony, Denton County, Texas, according to the Map or Plat thereof recorded in Cabinet Q, Page 232 of the Plat Records of Denton, County, Texas;

e.   $2,883,468 in United States currency seized on August 8, 2023;

f.   approximately $1,049,500.00 in United States currency seized from Safe Deposit Box #120 at Cathay Bank, on August 8, 2023;

g.   approximately $42,180.25 from a Cathay Bank account ending in 6992 seized on August 8, 2023;

h.   approximately $279,440.00 in United States currency seized on August 8, 2023;

**Factual Resume—Page 6**

12.     D. Jiang agrees that he committed all the essential elements of the offense in Count One of the superseding information.  This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the superseding information.

AGREED TO AND STIPULATED on this _8_ day of ___December___,

2025.

RYAN RAYBOULD
UNITED STATES ATTORNEY


PHELESA M. GUY
Assistant United States Attorney
Texas State Bar No.  00798230
1100 Commerce St., 3rd Floor
Dallas, TX 75242
Tel:  214-659-8600
Fax:  214-659-8809
Email:  Phelesa.guy@usdoj.gov


DIAN HUANG JIANG
Defendant

JAMES RALPH AULBAUGH, III
Attorney for Defendant