

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 3:23-CR-00281-L |
| HUI RONG LIN (02) | |

### FACTUAL RESUME

In support of Hui Rong Lin's plea of guilty to the offense(s) in Count One of the superseding information, Lin, the defendant; Lee Bright, the defendant's attorney; and the United States of America (the government) stipulate and agree to the following:

### ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the superseding information, charging a violation of 18 U.S.C. § 1952(a)(1) and (3) and 18 U.S.C. § 371, that is, conspiracy to use interstate facility in aid of racketerring enterprises, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First*: That the defendant traveled in interstate commerce or used any facility in interstate commerce;

*Second*: That the defendant did so with the specific intent to distribute the proceeds of and promote, manage, establish, or carry on any unlawful activity; and

*Third*: That subsequent to the act of travel or use of any facility in interstate commerce the defendant did knowingly and willfully distribute the proceeds of and promote, manage, establish, or carry on such unlawful activity.

---

[1] Fifth Circuit Pattern Jury Instruction 2.74 and 2.15A (5th Cir. 2024).

Factual Resume—Page 1

The elements for conspiracy pursuant to 18 U.S.C. § 371 are as follows:

*First*:    That the defendant and at least one other person agreed to commit the crime of use interstate facility in aid of racketerring enterprises, as charged in the indictment;

*Second*:    That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

*Third*:    That at least one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the indictment, in order to accomplish some object or purpose of the conspiracy.

## STIPULATED FACTS

1. Hui Rong Lin ("Lin") admits and agrees that beginning in or about June 2021, the exact date being unknown, and continuing through the date of the superseding indictment within the Northern District of Texas, Dallas Division, and elsewhere, she did knowingly, intentionally and unlawfully combine, conspire, confederate, and agree with Yuk Chan, Anthony Jiang, and Dian Huang Jiang, a.k.a. "Danny Jiang" ("Jiang") and other persons both known and unknown, to commit certain offenses against the United States, to-wit: to travel in interstate commerce and use and cause to be used a facility in interstate commerce, that is verbal and digital communications through cellular telephones with the intent to distribute proceeds of and to promote, manage, establish, carry on and facilitate the promotion, management and carrying on of a business enterprise involving the possession with the intent to distribute and the distribution of

marijuana, a Schedule I controlled substance, in violation of 18 U.S.C. § 1952(a)(1) and (3), and 18 U.S.C. § 371.

2.    Lin stipulates that over the course of the conspiracy she utilized a cellular telephone to assist in transporting bulk marijuana proceeds and/or marijuana on Dian Jiang's behalf from Oklahoma into the Northern District of Texas and elsewhere. She also admits that she held an ownership interest in the Super Jumbo Buffet, an Asian restaurant located on Park Lane in Dallas, Texas, and knew that the Super Jumbo Buffet was utilized by the Jiang DTO as a drop-off location for bulk drug proceeds over the course of the conspiracy. Likewise, Lin admits that she held an ownership interest in Wasabi N Wok, an Asian fusion restaurant located on Josey Lane, The Colony, Texas, which was also used by the Jiang DTO as a drop-off location for marijuana and drug proceeds over the course of the conspiracy. Last, Lin stipulates that she is the owner of 5801 Pinebrook Drive, The Colony, Texas, which was also used by members of the Jiang DTO to store and/or receive drug proceeds and marijuana over the course of the conspiracy.

3.    Lin admits that in March 2023 she facilitated the transfer of bulk United States currency derived from the Jiang DTO's sale of marijuana. She stipulates that on or about March 5, 2023, she was directed by Dian Jiang to transport three "units," or approximately $30,000, the following morning, March 6, 2023. She admits that her involvement was also confirmed via an intercepted March 5, 2023, telephone call between Dian Jiang, utilizing a phone number whose last four digits were 7161, and an unidentified male ("UM") as part of a Drug Enforcement Administration ("DEA") court

authorized Title III wiretap. During the call, Lin stipulates, that Jiang asked how many "units" the UM would need to which the UM responded 3 or 5. She admits that the UM further told Jiang that an Asian female, who was the UM's wife, would call to pick up the units. Lin admits that Jiang told the UM that he would call Lin and then call the UM back and provided Lin's phone number, which ended in 6186, to the UM.

4. Lin also admits that later that same day Jiang called the UM back, which was intercepted over the Title III wiretap on Jiang's phone number ending in 7161. instructing the UM to pick up the "units" the following morning and that the "paper" was at home.[2] Lin stipulates that Jiang told the UM that Jiang told Lin to give the courier "three units."[3] She also admits that she understood that a "unit" represented $10,000 in drug proceeds.

5. Lin further stipulates that on or about March 6, 2023, DEA Agents established surveillance at 5842 Pinebrook Drive, The Colony, Texas, which was a residence associated with Lin, and saw her move a garbage container to the curb. At approximately 9:15 a.m., Lin admits that Agents observed a white Tesla arrive at the Pinebrook location operated by an Asian female. She stipulates that the female entered the residence empty-handed and exited the residence with a white bag, which was placed

---

[2] Lin admits that Jiang also told the UM that the proceeds had to be pick up "tomorrow morning" because the "bank was closed already." Lin stipulates that the "bank" referred to by Jiang were various safe deposit boxes located at banks throughout the Eastern District of Texas where Lin and codefendants Danny Jiang and Anthony Jiang stored bulk drug proceeds.

[3] Lin also stipulates that in a subsequent call with Jiang to a different caller associated with the UM marijuana supplier Jiang was asked if "5 units" or $50,000 could be picked up. The caller stated that "little brother could ship out the products tomorrow." Lin admits that the conversation was in reference to a marijuana transaction.

into the Tesla before departing the location. Lin admits that she provided the Asian female with "five units" or $50,000 after the female entered the Pinebrook Drive residence.

6. Lin admits that in an intercepted call between Jiang and the UM made on March 6, 2023, Jiang asked the UM whether he took the "paper" to which the UM confirmed that Lin called the UM earlier that morning and that the UM had received "5 units." Lin stipulates that Jiang also informed the UM that the UM could ask for 10 or 20 units whenever the UM needed it and that the units were located in his house.

7. Lin admits that on or about March 7, 2023, she was present at Wasabi N Wok. She admits that on that date Jiang used a cellular telephone ending in 7161 that was being intercepted as part of the same DEA Title III investigation. Lin stipulates that Jiang called a different unidentified male ("UM1"), who was a marijuana customer of the Jiang DTO, during which Jiang directed UM1 to go to the back of the restaurant because his "wife [was] in the kitchen right now." In a follow-up call several minutes later, she admits that UM1 advised Jiang that Jiang's "wife will see me in one minute."

8. Lin admits that sometime thereafter she met with UM1 and acquired at least $5,000 from him at the Wasabi N Wok restaurant. She stipulates that Jiang placed a follow-up call to UM1 to resolve a discrepancy in the money count, which was intercepted by Agents. Lin admits that Jiang asked UM1 whether he brought "25" to which UM1 advised "Nah, 27." She stipulates that Jiang stated, "No[,] my wife just counted your money, 25." UM1 then clarified "No look, it's a stack in there with 5s. Stack of 50s, it's $5,000." Lin admits that in a follow-up call made approximately two

minutes later Jiang confirmed with UM1 that "[m]y wife counted. [S]he just counted how many stack[s] you have, so [s] not tell me true.  Okay, so later [s]he put the machine count, I call you."  She stipulates that the money she received from UM1 were drug proceeds derived from the sale of marijuana between UM1 and Jiang in furtherance of the Jiang DTO's marijuana trafficking activities.[4]

9.      Lin admits that on or about March 8, 2023, she was also present at Wasabi N Wok.  She stipulates that on that day a different unidentified male ("UM2"), a marijuana customer of the Jiang DTO, called Jiang at the telephone number ending in 7161, which was being intercepted by Agents as part of the same Title III investigation.  She admits during the call that UM2 asked Jiang if he could come tonight to which Jiang directed him to go to the [buffet] restaurant.  Lin admits that during the call UM2 asked Jiang "where do I drop off the money" and disclosed that "this is my last 20," he did not "want to take no loss," and that he was "scared of going to fucking jail."  She stipulates that in a follow-up call between Jiang and UM2 that was intercepted at approximately 10:13 p.m., UM2 asked Jiang, "who do I give it to? I just walk in?" to which Jiang confirmed, "Yeah."

---

[4] Lin also stipulates that on or about March 7, 2023, Jiang called an Oklahoma-based marijuana grower to solicit how many "pieces" the grower had available for sale.  She admits that Jiang and the grower agreed on a price of $750 per "piece" and that the grower would provide Jiang with "5 units" the following day since the grower's third-party courier was in Dallas, Texas, which is located in the Dallas Division of the Northern District of Texas, at the time of the call and that the third party would call "Jiang's wife tomorrow."  Lin stipulates that the grower confirmed with Jiang that the third party would "return the money in Dallas" and that the money would be brought to Jiang's wife.  Lin admits that Jiang's references to "pieces" were units of marijuana and that the proposed transaction was in furtherance of the Jiang DTO's marijuana trafficking activities.

10. She stipulates that at approximately 10:03 p.m. on March 8, 2023, Agents established surveillance on Wasabi N Wok in anticipation of UM2 dropping off $20,000 in drug proceeds at that location. Lin admits that at approximately 10:14 p.m. she arrived at Wasabi N' Wok in a light-colored sports-utility vehicle ("SUV"). She stipulates that she exited the SUV and walked to the back of the restaurant. Lin admits that she ultimately reentered the SUV after appearing to look for someone and relocated to the restaurant's front parking lot. She stipulates that at approximately 10:22 p.m. a black Infiniti sedan, registered to a Dallas, Texas driver, pulled close to the rear of the SUV, and left a short time thereafter.

11. Lin admits that Agents surveilled the SUV back to the 5837 Pinebrook Drive address where they observed Lin exit the SUV carrying a bag and a large box into the residence. She stipulates that during her meeting with the driver of the black Infiniti she took possession of $20,000 in drug proceeds related to the sale of marijuana in furtherance of the Jiang DTO's marijuana trafficking activities.

12. Lin stipulates that on or about August 8, 2023, investigators executed a state search warrant on safe deposit box # 53 at Cathay Bank located on Coit Road, Plano, Texas, and which was linked to Lin. She admits that investigators recovered $706,800.00 in bulk United States currency. Lin also stipulates that investigators executed a second warrant on safe deposit box # 2087 at the same location that belonged to Lin and codefendant Anthony Jiang. She admits that investigators located $599,870.00 from that safe deposit box. Lin admits that the bulk United States currency

recovered from both safe deposit boxes was drug proceeds derived from marijuana sales connected to the Jiang DTO.

13. Lin stipulates that marijuana is a Schedule I controlled substance and that she possessed with the intent to distribute 50 kilograms or more of marijuana during the period of the conspiracy. She also admits that throughout her involvement in the conspiracy she would transport and/or receive drug proceeds derived from the sale of marijuana from Oklahoma to Dallas, Texas, which is located within the Northern District of Texas, and elsewhere.

14. The defendant agrees that the defendant committed all the essential elements of the offense(s). This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count Two of the superseding indictment.

AGREED TO AND STIPULATED on this 23RD day of FEBRUARY, 2026.

RYAN RAYBOULD
UNITED STATES ATTORNEY

HUI RONG LIN
Defendant

JOSEPH T. LO GALBO
Assistant United States Attorney
New Jersey State Bar No.: 072452014
1100 Commerce St., Third Floor
Dallas, Texas 75242
Telephone: 214.659.8600
Facsimile: 214.659.8803
E-mail: Joseph.Lo.Galbo@usdoj.gov

_____
LEE BRIGHT
Attorney for Defendant